# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER EDWARD JEROME BIEROS, | : | CIVIL ACTION NO. 1:13-CV-2767 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| T. BICKELL, *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

Presently before the court is a petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Roger Edward Jerome Bieros ("Bieros"), an inmate confined at the State Correctional Institution at Huntingdon, Pennsylvania. Bieros seeks leave to proceed *in forma pauperis*. (Doc. 2.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be dismissed.

## I. Background

Bieros alleges that, commencing in 2005, defendants engaged in a conspiracy to confiscate his legal materials and "lose" or destroy boxes of his legal property. (Doc. 1, at 1-8.) He contends that this conduct hindered and obstructed his ability to pursue legal matters, including his criminal appeal. (Id.). Bieros submits that these actions deprived him of his constitutional right of access to the courts. (Id.)

**II.    Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  See Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  "Habeas relief is clearly quite limited:  'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551, 1553 (2001)).  However, when seeking to impose liability due to the deprivation "of any rights, privileges, or immunities secured by the Constitution and laws," the appropriate remedy is a civil rights action.  Leamer, 288 F.3d at 540 (quoting 42 U.S.C. § 1983); see Preiser, 411 U.S. at 494 (when petitioner attacks "something other than the fact or length of his confinement . . . habeas corpus is not an appropriate or available federal remedy").

Careful review of the petition reveals that Bieros does not seek speedier or immediate release from federal custody or challenge the legality of his present incarceration.  Rather, Bieros alleges that defendants deprived him of his First Amendment right of access the courts.  Because he is seeking to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action.  Preiser, 411 U.S. at 494; Leamer, 288 F.3d at 540. Consequently,

2

the petition will be dismissed without prejudice to any right Bieros may have to reassert his present claims in a properly filed civil rights complaint. An appropriate order will issue.

       /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

Dated:     December 10, 2013